**Richter J. WILSON, Jr., Appellant (Plaintiff Below),**

v.

**Cathryn S. RIDDLE, Appellee (Defendant/Third Party Plaintiff Below),**

v.

**Richter J. WILSON, III, (Third–Party Defendant Below).**

**No. 22A01–8902–CV–42.**

Court of Appeals of Indiana, First District.

July 3, 1989.

Michael F. Ward and Ward, Bolin & Stein, New Albany, for appellant.

Michael G. Naville, Steven A. Gustafson, and Lorch & Naville, New Albany, for appellee.

ROBERTSON, Judge.

Appellant-plaintiff Richter J. Wilson, Jr. appeals from a verdict in favor of Cathryn S. Riddle.

We reverse.

After an automobile accident involving Wilson's son, Richter Wilson III, (Wilson III) and Cathryn S. Riddle, Wilson filed suit against Riddle. Wilson owned the vehicle his son was driving. Riddle answered denying liability, and naming Wilson III as a non-party. She also filed a third-party complaint against Wilson III.

The case was tried to the court, which rendered the following verbatim judgment:

Comes now the Court, and after carefully reviewing the evidence presented to the Court determines that on Plaintiff's claim [and] the Defendant's counterclaim that they both should lose. The the (sic) accident that too (sic) place was caused

by the negligence of both drivers in the operation of their vehicles. From the facts and tetimony (sic) presented at trial the Court cannot attribute more negligence to either party. The Court hereby determines that the parties are responsible for their own damages.

It is, therefore, considered, ordered, adjudged and decreed that neither party is to take anything by way of their claims.

Wilson contends that the judgment is contrary to law because the court misapplied the Comparative Fault Act. Riddle, who does not appeal from the judgment on her counterclaim, argues that the trial court merely concluded that Wilson had not met his burden of proof on the liability issue, and we should affirm since Wilson has not shown that the evidence is without conflict and leads to but one conclusion opposite that reached by the trial court.

Our perusal of the Comparative Fault Act leads us to the conclusion that the court's verdict is contrary to law, where the trial court failed to consider and properly apply the Comparative Fault Act. *Walters v. Dean* (1986), Ind.App., 497 N.E.2d 247.

Subsection (a) of IND.CODE 34-4-33-5 applies:

Sec. 5 (a) In an action based on fault that is brought against one (1) defendant or two (2) or more defendants who may be treated as a single party, and that is tried to a jury, the court, unless all the parties agree otherwise, shall instruct the jury to determine its verdict in the following manner:

(1) The jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty. The percentage of fault figures of parties to the action may total less than one hundred percent (100%) if the jury finds that fault contributing to cause the claimant's loss has also come from a nonparty or nonparties.

(2) If the percentage of fault of the claimant is greater than fifty percent (50%) of the total fault involved in the incident which caused the claimant's death, injury, or property damage, the jury shall return a verdict for the defendant and no further deliberation of the jury is required.

(3) If the percentage of fault of the claimant is not greater than fifty percent (50%) of the total fault, the jury then shall determine the total amount of damages the claimant would be entitled to recover if contributory fault were disregarded.

(4) The jury next shall multiply the percentage of fault of the defendant by the amount of damages determined under subdivision (3) and shall then enter a verdict for the claimant in the amount of the product of that multiplication.

When the case is tried to the court, the court makes its award of damages according to the principles specified in subsection (a) and (b). I.C. 34-4-33-5(c).

The statute requires the court to allocate fault among the claimant, defendant, and any nonparties. The judgment is contrary to law for two reasons. First, it suggests that fault was allocated between the plaintiff and defendant only. The court should have allocated fault to Wilson, Wilson III as a nonparty, and Riddle.

Second, the judgment appears to allocate not more than 50% of the fault to the claimant, Wilson. In that event, the court was required to determine the total amount of damages the claimant would be entitled to recover and to multiply the percentage of fault of the defendant by the amount of damages determined. The court would then enter a verdict against the defendant in favor of Wilson.

Because the court failed to allocate fault among all the parties and nonparties to the suit, and because the court did not follow the clear dictate of the statute that it render a verdict in favor of a claimant found to be not more than 50% at fault, we must reverse.

Judgment reversed, and the cause is remanded for further action consistent with this opinion.

RATLIFF, C.J., and MILLER, J., concur.